UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENT W. PECOY,<br><br>        Defendant | Criminal No. 23-CR-30008-MGM<br><br>Violations:<br><br><u>Count One</u>: Corrupt Concealment Of Records With Intent To Impair Their Use In An Official Proceeding; Aiding and Abetting<br>(18 U.S.C. §§ 1512(c)(1) and 2)<br><br><u>Count Two</u>: Obstruction Of An Official Proceeding; Aiding and Abetting<br>(18 U.S.C. §§ 1512(c)(2) and 2)<br><br><u>Count Three</u>: False Statements; Aiding and Abetting<br>(18 U.S.C. §§ 1001(a)(2) and 2) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. The Internal Revenue Service ("IRS") is the component of the United States Department of Treasury (the "Treasury Department") that is responsible for assessing and collecting federal income taxes from individuals and businesses. Special Agents of the IRS investigate various federal offenses, including tax offenses and financial crimes.

2. Defendant KENT W. PECOY ("KENT PECOY") was the sole owner, operator, and chief executive officer of The Pecoy Companies, which included Kent Pecoy & Sons, Construction, Inc. ("KPSCI"). KPSCI constructed both luxury homes and commercial properties. The Pecoy Companies operated out of a headquarters in West Springfield, Massachusetts.

1

3. Between 2013 and 2016, KPSCI constructed a house at Ferry Street in West Dennis, Massachusetts (the "Cape House") for an individual ("Individual 1").

4. KENT PECOY and KPSCI engaged vendors, including a lumber supplier (the "Lumber Company") and various subcontractors (the "Subcontractors") to assist KPSCI in constructing the Cape House.

5. Between 2013 and 2016, Individual 1 paid KENT PECOY and KPSCI hundreds of thousands of dollars in cash to construct the Cape House. In turn, KENT PECOY and KPSCI paid the Lumber Company and the Subcontractors, collectively, hundreds of thousands of dollars of Individual 1's cash to construct the Cape House. During this same period of time, KENT and KPSCI created various documents, including ledgers, contracts, project check lists, and e-mails exchanged between KENT PECOY and KPSCI's Project Manager for the Cape House, that reflected KPSCI's receipt and distribution of this cash.

6. On April 29, 2015, the Grand Jury issued a subpoena *duces tecum* to KPSCI requiring the production of records of cash payments greater than $1,000 to the Lumber Company and "[r]ecords related to the receipt of cash for services" from January 1, 2012 to the present (the "Subpoena").

7. The Subpoena specified a wide range of particular items concerning KPSCI's own receipt of cash, including:

> a. All records relating to the sale of services or goods, including invoices, contracts, estimates, quotes, transaction registers, payment records disclosing the dates, amounts, and methods of payment (including cash), notes, correspondence, and any other documents; and

      b.    Any corresponding or related record identifying the source, nature, and purpose of cash used in the transactions, including cash receipts, cash receipts journals, transcripts of account, contracts, quotes, notes, correspondence, and any other related documents.

8. On or about May 14, 2015, a Special Agent with the IRS (the "Special Agent") served the Subpoena at KPSCI.

9. On or about June 4, 2015, an attorney representing KPSCI (the "Attorney") provided the Special Agent with responsive records from KPSCI. These records included documents confirming that KPSCI had made numerous, substantial cash payments to the Lumber Company, but no records indicating KPSCI's own receipt of cash. The Special Agent promptly informed the Attorney that records relating to KPSCI's receipt of cash appeared to be missing from the subpoena response.

10. On or about June 5, 2015, the Attorney provided the Special Agent with only one additional two-page document: a Bank Reconciliation Report for The Pecoy Companies dated June 5, 2015.

11. On or about June 9, 2015, the Special Agent requested additional records concerning KPSCI's cash receipts.

12. Between on or about June 9, 2015 and June 11, 2015, the Attorney discussed the Special Agent's request for additional records with KENT PECOY, and KENT PECOY falsely stated that KPSCI had no additional records concerning KPSCI's cash receipts.

13. On or about June 11, 2015, the Attorney informed the Special Agent that KPSCI had no additional records concerning KPSCI's cash receipts.

3

14.	On or about April 20, 2016, IRS Special Agents executed a search warrant at KPSCI's business premises.  The agents discovered numerous documents, in both printed and digital form, relating to KPSCI's receipt and distribution of cash from Individual 1 for the Cape House, including payment ledgers, contracts, project check lists, and e-mails exchanged between KENT PECOY and the Project Manager for the Cape House.

## COUNT ONE
### Corrupt Concealment Of Records With Intent To Impair Their Use In An Official Proceeding; Aiding And Abetting
(18 U.S.C. §§ 1512(c)(1) and 2)

The Grand Jury further charges:

From on or about May 15, 2015 through on or about April 20, 2016, in Hampden County, in the District of Massachusetts, the defendant,

KENT W. PECOY,

did corruptly conceal a record, document, and other object, and did attempt to do so, with the intent to impair the object's availability for use in an official proceeding, to wit, a Grand Jury investigation of KPSCI's receipt of cash.

All in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

## COUNT TWO
### Obstruction Of An Official Proceeding; Aiding And Abetting
### (18 U.S.C. §§ 1512(c)(2) and 2)

The Grand Jury further charges:

From on or about May 15, 2015 through April 20, 2016, in Hampden County, in the District of Massachusetts, the defendant,

### KENT W. PECOY,

did corruptly obstruct, influence, and impede an official proceeding, to wit, a Grand Jury investigation of KPSCI's receipt of cash, and did attempt to do so.

All in violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT THREE
### False Statements; Aiding and Abetting
(18 U.S.C. § 1001(a)(2) and 2)

The Grand Jury further charges:

Between on or about June 9, 2015 and June 11, 2015, in Hampden County, in the District of Massachusetts, the defendant,

### KENT W. PECOY,

knowingly and willfully caused to be made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, KENT W. PECOY caused an attorney representing KPSCI to state to a Special Agent of the IRS that KPSCI had provided a complete set of documents in response to a Grand Jury subpoena requiring the production of KPSCI's receipt of cash for the period from January 1, 2012 to April 29, 2015. In truth and in fact, as the defendant well knew, this statement was false because KPSCI retained at its business premises numerous documents responsive to the Grand Jury subpoena.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

_____
FOREPERSON

_____
STEVEN H. BRESLOW
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: ~~December~~ March 2nd, 2023
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK